**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| THEODORE BROWN, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 09-1213 (RBK)) |
| v. | : | |
| J. GRONDOLSKY, Warden, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

> THEODORE BROWN, #20302-050
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey  08640
> Petitioner Pro Se

**KUGLER**, District Judge:

Theodore Brown, a prisoner confined at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging Warden Grondolsky's pattern of improperly rejecting administrative remedy requests and thereby obstructing access to the courts, insofar as federal law requires inmates to exhaust administrative remedies before bringing a federal action with respect to prison conditions, see 42 U.S.C. § 1997e(a).  This Court will summarily dismiss the Petition, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## I. BACKGROUND

Petitioner asserts that he is a District of Columbia sentenced prisoner. His projected release date is July 26, 2010. See BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=20302-050&x=70&y=13(last accessed Apr. 30, 2009). Petitioner asserts that on November 8, 2008, he submitted an Informal Resolution Form (BP-8) to prison officials complaining that, although his back area was injured a year ago, the injury has not been treated and officials have not scheduled a prescribed CAT scan or MRI. (Pet., attachment, Docket entry #1, p. 7.) On December 15, 2008, he received a response indicating that Health Services Staff will schedule an MRI on Thursday or the next time. (Id.) On December 23, 2008, Petitioner submitted a request for administrative remedy (BP-9) complaining that the MRI was not provided and he still requires medical treatment. By notice dated January 13, 2009, the Administrative Remedy Coordinator at FCI Fort Dix rejected the BP-9 with instructions to resubmit the request in proper form within five days and to "state the complaint and relief requested on the BP-9 and one continuation page."

Petitioner asserts that the remedy was improperly rejected pursuant to a scheme of Warden Grondolsky to wrongfully reject administrative remedies in order to prevent inmates from being

able to seek relief from this Court, given that 42 U.S.C. § 1997e(a) requires inmates to exhaust the BOP's administrative remedy program before bringing a federal action with respect to prison conditions.  Petitioner refers this Court to Lugo-Vazquez v. Grondolsky, Civil No. 08-0986 (JBS) order of dismissal (D.N.J. Nov. 25, 2008), as a case related to the aforesaid scheme.[1]  Petitioner asks that his case be assigned to Judge Simandle and that the Court order Respondent to answer.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). The Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); 28 U.S.C. § 2243.

---

[1] This Court notes that on November 25, 2008, Judge Simandle dismissed the Bivens complaint filed by Lugo-Vazquez for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a).

Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b).

B.  Jurisdiction

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Federal law provides two avenues of relief to prisoners:  a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens] action."  Id.  The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the

>           challenge is to a condition of confinement
>           such that a finding in plaintiff's favor
>           would not alter his sentence or undo his
>           conviction, an action under § 1983 is
>           appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this Petition, Petitioner challenges Warden Grondolsky's alleged pattern of improperly rejecting administrative remedy requests in order to prevent inmates from being able to pursue relief in this Court.  The problem with the Petition is that, even if this Court were to rule in Petitioner's favor, Petitioner would not be entitled to a writ of habeas corpus because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  Because a judgment in Petitioner's favor in this action would not affect the fact or duration of Petitioner's confinement, habeas relief is unavailable and a civil complaint is the appropriate form of remedy.  See Zapata v. United States, 264 Fed. Appx. 242 (3d Cir. 2008) (District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (same); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002) (habeas relief was

unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).[2]  The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claim in a properly filed complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[3]  Id.

---

[2] This Court makes no finding regarding the merits of Petitioner's claim.

[3] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee.  See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to in forma pauperis habeas corpus petitions and appeals).  In contrast, the filing fee of a civil complaint is $350.00.  Inmates filing a Bivens action who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from the prison account.  See 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil complaint.

### III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:   May 15  , 2009